1
2
3
4

Mark A. Neubauer (73728)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:(310) 734-3300
Email:     mneubauer@steptoe.com

5

6
7

Attorney for Defendants
TIME WARNER INC.
WARNER BROS. ENTERTAINMENT INC.

8

9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15

16

17

18
19

20

P. STEPHEN LAMONT, individually,
AND AS NOMINEE FOR 100% OF
THE CAPITAL SHARES OF IVIEWIT
HOLDINGS, INC.

             Plaintiff,

      vs.

TIME WARNER INC., and WARNER
BROS. ENTERTAINMENT INC.,

             Defendants.

Case No.:  12-cv-08030-CAS-VBK

**DEFENDANTS TIME WARNER
INC. AND WARNER BROS.
ENTERTAINMENT INC.'S
NOTICE OF MOTION AND
MOTION TO DISMISS**

Assigned to the Honorable Christina H.
Snyder, Courtroom 5

Date:        November 19, 2012
Time:        10:00 a.m.
Place:       Courtroom 5
             312 N. Spring Street
             Los Angeles, CA 90012

Complaint filed: September 18, 2012
Pretrial Conference:  Not Set
Trial Date:   Not Set

21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 19, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants Time Warner Inc. and Warner Bros. Entertainment Inc. (Erroneously named herein as Warner Bros. Entertainment Group; collectively, "Defendants") will and hereby do move this Court for an order, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint against Defendants with prejudice.

This Motion is based on the following grounds:

(1)     lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1);

(2)     lack of standing under Federal Rule of Civil Procedure 12(b)(1);

(3)     the claim is barred by the statute of limitations under Federal Rule of Civil Procedure 12(b)(6);

(4)     the claim is barred by the collateral estoppel under Federal Rule of Civil Procedure 12(b)(6); and

(5)     the claim is barred as Plaintiff has failed to properly plead a breach of contract claim under Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order submitted herewith and the pleadings, files and records in this case and such further evidence and oral argument as may be presented by Defendants prior to or at the hearing on the Motion.

1

Doc. # CC-273575

1      This motion is made following the conference of counsel pursuant to L.R. 7-

2  3, commenced on September 27, 2012.

3

4  Dated:  October 15, 2012                    STEPTOE & JOHNSON LLP

5

6

7                                              By:___/s/ Mark A. Neubauer___
                                                    MARK A. NEUBAUER
8                                              Attorney for Defendants
                                               TIME WARNER INC. and WARNER
9                                              BROS. ENTERTAINMENT, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

FACTUAL BACKGROUND.................................................................... 3

    A.    The First Complaint ................................................ 4

    B.    The Second Complaint................................................ 5

    C.    The Third Complaint ................................................ 6

LEGAL STANDARD................................................................ 7

ARGUMENT .......................................................................... 7

I.     NO SUBJECT MATTER JURISDICTION EXISTS ................................. 7

II.    PLAINTIFF LACKS STANDING ................................................ 9

III.   PLAINTIFF'S BREACH OF CONTRACT CLAIM IS LEGALLY
     INSUFFICIENT .................................................................. 10

    A.    Plaintiff's Claim is Time Barred ................................... 10

    B.    Plaintiff's Claim is Collaterally Estopped ..................... 12

    C.    Plaintiff Fails to State a Claim for Breach of Contract.................. 16

    D.    Plaintiff Should Not Be Permitted Leave to Amend ..................... 19

CONCLUSION .................................................................. 20

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adams v. Cal. Dep't of Health Servs.,*
    487 F.3d 684 (9th Cir. 2007) ........................................................ 13

*Am. Ass'n of Naturopathic Physicians v. Hayhurst,*
    227 F.3d 1104 (9th Cir. 2000) ..................................................... 19

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)......................................................... passim

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)....................................................................... 7

*Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.,*
    No. 08-4873-cv, slip op. at 1 (2d Cir. Jan. 5, 2010)......................... 4

*Bernstein v. New York,*
    591 F. Supp. 2d 448 (S.D.N.Y. 2008) ...................................4-5, 13

*Buenaventura v. Champion Drywall, Inc.,*
    803 F. Supp. 2d 1215 (D. Nev. 2011) ........................................... 7

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,*
    911 F.2d 242 (9th Cir.1990) (per curiam) .................................... 19

*Cook v. Brewer,*
    637 F.3d 1002 (9th Cir. 2011) ..................................................... 18

*Costantini v. Trans World Airlines,*
    681 F.2d 1199 (9th Cir. 1982) ................................................12-13

*DMBJ Prods. v. TMZ TV,*
    2009 U.S. Dist. LEXIS 70824 (S.D.N.Y. Aug. 11, 2009) ............... 8

*Erlich v. Glasner,*
    418 F.2d 226 (9th Cir. 1969) ......................................................... 9

*Helmer v. Doletskaya,*
    393 F.3d 201 (D.C. Cir. 2004)..................................................... 19

ii

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010)............................................................................ 8

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ............................................................ 18

*Kowal v. MCI Commc'ns Corp.*,
  16 F.3d 1271 (D.C. Cir. 1994)............................................................ 19

*Lamont v. Proskauer Rose*,
  Civil Action No. 11-0949 (BJR), at * 12-13 (D.D.C. Aug. 8, 2012)
  (attached as Exhibit 4 to the Request for Judicial Notice) ............................5-6

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ............................................................ 19

*Moore v. Chertoff*,
  437 F. Supp. 2d 156 (D.D.C. 2006)..................................................... 11

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ................................................................. 7

*Osborn v. Metro. Life Ins. Co.*,
  341 F. Supp. 2d 1123 (E.D. Cal. 2004) ................................................. 8

*Paul v. Judicial Watch, Inc.*,
  543 F. Supp. 2d 1 (D.D.C. 2008)......................................................... 11

*Robi v. Five Platters, Inc.*,
  838 F.2d 318 (9th Cir. 1988) .............................................................. 13

*Rodenhurst v. Bank of Am.*,
  773 F. Supp. 2d 886 (D.Hawaii 2011)................................................. 16

*Sherman v. British Leyland Motors, Ltd.*,
  601 F.2d 429 (9th Cir. 1979) ................................................................. 9

*Telesaurus VCP, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) .............................................................. 16

*Valadez-Lopez v. Chertoff*,
  656 F.3d 851 (9th Cir. 2011) .............................................................. 16

iii

*W. Sys., Inc. v. Ulloa,*
  958 F.2d 864 (9th Cir.1992) ...................................................... 13, 15

*White v. Lee,*
  227 F.3d 1214 (9th Cir. 2000) ...................................................... 10

**STATE CASES**

*Abbott v. 76 Land & Water Co.,*
  161 Cal. 42 (Cal. 1911) ...........................................................11-12

*Aryeh v. Canon Bus. Solutions, Inc.,*
  185 Cal.App.4th 1159 (Cal.App.2d 2008) ...................................... 11

*Bernhard v. Bank of America,*
  19 Cal. 2d 807 (Cal. 1942) ........................................................ 15

*Merry v. Coast Cmty. Coll. Dist.,*
  97 Cal.App.3d 214 (Cal.App.4th 1979) ........................................ 12

*Neel v. Magana, Olney, Levy Cathcart & Gelfand,*
  491 P.2d 421 (Cal. 1971)........................................................... 10

*Niles v. Louis H. Raporport & Sons, Inc.,*
  128 P.2d 50 (Cal. 1942)...........................................................11-12

*Oasis W. Realty, LLC v. Goldman,*
  51 Cal.4th 811 (Cal. 2011) ........................................................ 17

*Reichert v. General Ins. Co.,*
  68 Cal.2d 822 (Cal. 1968) ....................................................11-12, 17

*Slater v. Blackwood,*
  15 Cal.3d 791 (Cal. 1975) ......................................................... 13

*Vandenberg v. Superior Court,*
  88 Cal.Rptr.2d 366 (Cal. 1999) .................................................. 15

*Wulfjen v. Dolton,*
  24 Cal. 2d 891 (Cal. 1944) ........................................................ 16

**FEDERAL STATUTES**

28 U.S.C. § 1331....................................................................... 6

iv

28 U.S.C. § 1332 ........................................................................... 6-7

28 U.S.C. § 1332(a)(1) .................................................................... 7

28 U.S.C. § 1332(c) ......................................................................... 8

**STATE STATUTES**

CAL. CIV. PROC. CODE § 312 ......................................................... 10

CAL. CIV. PROC. CODE § 337(1) ..................................................... 10

**OTHER AUTHORITIES**

FED. R. CIV. P. 8 .......................................................................... 17

FED. R. CIV. P. 12 .......................................................................... 7

FED. R. CIV. P. 12(b)(1) ............................................................ 3, 9

FED. R. CIV. P. 12(b)(1), (6) ................................................ passim

v

**DEFENDANTS TIME WARNER INC.
AND WARNER BROS. ENTERTAINMENT INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

At issue before the court is Plaintiff P. Stephen Lamont's ("Mr. Lamont" or "Plaintiff") *pro se* complaint.  Mr. Lamont brings this complaint on behalf of a corporation, seeking federal diversity jurisdiction as a New York Plaintiff against a New York Defendant.  He is attempting to litigate a claim that is eleven years old and the factual predicate of which was previously litigated in the Southern District of New York.  Additionally, the complaint before the court is insufficiently pled: Mr. Lamont has failed to properly allege the elements of a cause of action for breach of contract.

The complaint is therefore deficient in five ways: under Federal Rule of Civil Procedure 12(b)(1) for (1) lack of subject matter jurisdiction; or (2) lack of standing; or under Federal Rule of Civil Procedure 12(b)(6) because the claim is barred by: (3) the statute of limitations; or (4) collateral estoppel; or because: (5) Plaintiff has failed to properly plead a breach of contract claim.

## FACTUAL BACKGROUND

After prosecuting unsuccessful complaints in the Southern District of New York and the District Court for the District of Columbia, Mr. Lamont has set this most recent chapter in his litigious odyssey here in the Central District of California.

Mr. Lamont has sued Time Warner and its subsidiary Warner Bros., to seek redress for woes visited upon his employer by a wide-ranging conspiracy of corporate actors.  But neither Time Warner nor Warner Bros. use the purported Iviewit technology, whatever it may be, and Mr. Lamont and his company have no protected intellectual property, no patents, no pending patent applications, and no enforceable nondisclosure agreements that the TW Defendants could violate.

Through the course of his quest, Mr. Lamont has adopted a strategy of trial and error which has affected literally hundreds of defendants, consumed thousands

3

of pages of documents and countless hours of precious federal judicial time, and produced a series of unambiguous defeats.  The TW Defendants respectfully urge that the result here must and should be no different.

### A.   The First Complaint

Plaintiff is on his third complaint regarding the facts before the court.  The first lawsuit, filed in the Southern District of New York, was a part of an ongoing scheme by Lamont and Eliot Bernstein ("Bernstein") the founder of what is now Iviewit Holdings, Inc. ("Iviewit"), to harass Time Warner and a host of other defendants—including their former attorneys, representatives of various bar associations, the state of New York, and two New York judges—by pursuing frivolous lawsuits alleging a vast conspiracy to steal Iviewit's supposed technology.  The SDNY Complaint, ("*Complaint I*," attached to the Request for Judicial Notice as Exhibit 1), spanned over three hundred pages, one thousand paragraphs, named hundreds of defendants, and proffered up a score of federal and state claims.

Judge Shira Scheindlin carefully parsed *Complaint I* and dismissed every claim without leave to replead, holding: "Plaintiffs have burdened this Court and hundreds of defendants . . . but have not been able to state a legally cognizable federal claim against a single defendant.  There is no reason they will ever be able to do so."  *Bernstein v. New York*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008).  Judge Scheindlin later declined to reconsider her decision.  *See Bernstein v. New York*, No. 07 Civ. 11196 (SAS), slip op. at 3 (S.D.N.Y. Aug. 19, 2008).  The United States Court of Appeals for the Second Circuit dismissed Lamont and Bernstein's appeal *sua sponte*, finding it lacked "any basis in law or fact."  *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 08-4873-cv, slip op. at 1 (2d Cir. Jan. 5, 2010).  The Supreme Court twice refused to docket a petition for *certiorari* in that case.

4

*Complaint I* alleged a massive Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against an enterprise headed by the law firms of Proskauer Rose LLP and Foley & Lardner LLP, who, with their agents (which included named and unnamed parties) crafted a "common plan to commit theft of IP." Exhibit 1 at 181, ¶¶ ix, xi.  While the TW Defendants were not named as parties in *Complaint I,* the same key factual allegations made against the TW Defendants in this case were asserted in *Complaint* I, specifically, the asserted violation of various non-disclosure agreements ("NDAs") by the TW Defendants, which were pled as part and parcel of the RICO claim.  Exhibit 1 at ¶ 732C.

Judge Scheindlin resolved the RICO claim concisely.  She held that the alleged "theft of IP by the enterprise" that was the foundation of Plaintiff's RICO claim "happened well before 2003" and "the claim is therefore barred by the statute of limitations."  *Bernstein*, 591 F. Supp. 2d at 467-68.

**B.    <u>The Second Complaint</u>**

Undeterred by his experience in New York, Mr. Lamont tried again in the United States District Court for the District of Columbia.  He filed a complaint ("*Complaint II*," attached as Exhibit 2 to the Request for Judicial Notice) with that court, naming, among others Time Warner as a defendant for a state law breach of contract claim.  Being one of two dozen defendants in that action, Time Warner appeared in only a handful of paragraphs in the Complaint.  Like *Complaint I, Complaint II* alleged that Time Warner violated various NDAs it had entered with Iviewit.  Exhibit 2 at ¶ 20.  Time Warner moved to dismiss.  (Motion to Dismiss *Complaint II* attached as Exhibit 3 to the Request for Judicial Notice).

Judge Barbara J. Rothstein decided again that Mr. Lamont could not continue and ordered, without leave to amend, that *Complaint II* be dismissed. *Lamont v. Proskauer Rose,* Civil Action No. 11-0949 (BJR), at * 12-13 (D.D.C. Aug. 8, 2012) (attached as Exhibit 4 to the Request for Judicial Notice).  Judge Rothstein held that each of the federal claims presented by Mr. Lamont were

5

precluded under the doctrine of *res judicata*, and as such the court did not have federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at *7-12. Judge Rothstein did not reach Time Warner's collateral estoppel, statute of limitations, and other defenses as the court declined to exercise pendant jurisdiction over the state law breach of contract claim. *Id.* at *12-13.

## C.    **The Third Complaint**

Mr. Lamont has whittled down his complaint here ("*Complaint III*") to a single group of defendants, Time Warner and its subsidiary Warner Bros.. Mr. Lamont pleads that the court has jurisdiction according to 28 U.S.C. § 1332, based on complete diversity. Compl. at ¶ 3. After weeding through the excess of *Complaint III*, there seem to be three points that underlie the actual breach of contract claim against the TW Defendants:

- they "devised schemes and artifices to obtain money or property by means of false or fraudulent pretenses, representations, or promises, in violations of Plaintiff's contractual rights;" Compl. at ¶ 1;

- they violated "confidentiality agreements pertaining to disclosures of certain technologies invented by and the rights held by Plaintiff." Compl. at ¶ 1; and

- "[b]eginning in the summer of 2001, and at all times relevant to this complaint, [the TW Defendants], after validating the Technologies[1] in its multimedia lab in Glendale, Cal., and after the expiration of strategic alliance contracts, begins to conduct the unauthorized use of

---

[1] This motion adopts the definition of "Technologies" used in the Complaint: "patent pending rights to backbone, enabling technology for the encoding and transmission of digital video across all transmission networks and viewable on all display devices; image overlay systems that stake the claim as the inventors of digital zoom on all video capture devices; and a technology pertaining to the remote control of video devices." Compl. at ¶ 5.

6

Technologies in direct violation of strategic alliance contracts and NDAs."  Compl. at ¶ 20.

In sum, *Complaint III* claims that the TW Defendants violated NDAs in 2001 as part of a "scheme and artifice to obtain money or property" from Mr. Lamont and Iviewit.  *Complaint III* does not, however, provide a plausible inference that the TW Defendants ever used Iveiwit's Technology, and as such does not competently allege any violation of the NDAs.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed, as applicable here, for lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(1), (6).

In order for a complaint to survive a Rule 12(b)(6) motion to dismiss "the facts alleged in a complaint must state a claim that is plausible on its face."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).  A claim is plausible when facts asserted would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Factual allegations must push the claim "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A]llegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim."  *Buenaventura v. Champion Drywall, Inc.*, 803 F. Supp. 2d 1215, 1217 (D. Nev. 2011) (citing *Twombly*, 550 U.S. at 567).

## ARGUMENT

### I.   NO SUBJECT MATTER JURISDICTION EXISTS

District courts have original jurisdiction for civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction under 28 U.S.C. §

7

1332 requires complete diversity, *i.e.* every plaintiff must be diverse from every defendant." *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). The statute defines the citizenship of a corporation as being: "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

There is no complete diversity between Plaintiff, a New York resident and Time Warner, also a New York resident. Time Warner, under the rule of 28 U.S.C. § 1332(c), is considered a resident of both its state of incorporation and the state of its principal place of business, Delaware and New York respectively. A corporation's principal place of business is determined by a "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). A principal place of business is where a corporation's officers direct, control and coordinate the corporation's activities, which "will typically be found at its corporate headquarters." *Id.* at 1186. In the case of Time Warner, its officers direct, control and coordinate their business in New York City. *See* Time Warner Inc., Annual Report (Form 10-K) (Feb. 24, 2012) (attached in TW Defendants' Opposition to Motion for Preliminary Injunction: Exhibit D). Courts have recognized Time Warner's New York residency. *See DMBJ Prods. v. TMZ TV*, 2009 U.S. Dist. LEXIS 70824, at *11 (S.D.N.Y. Aug. 11, 2009) (Time Warner's "principal place of business is in New York, at One Time Warner Center in New York City").

The Supreme Court in *Hertz* made clear that the burden of proving diversity lies with the proponent of diversity. 130 S. Ct. at 1194. Because Mr. Lamont is also a resident of the State of New York and he has not carried his burden of establishing that defendants are not New York residents, diversity jurisdiction is not established. Even if Plaintiff was considered to be proceeding on behalf of Iviewit, rather than in his own right, there would still be no complete diversity because both Iviewit and Time Warner are incorporated in Delaware. *See* 28 U.S.C. § 1332(c).

8

Because Mr. Lamont's complaint lacks complete diversity, dismissal of the Complaint is appropriate under Rule 12(b)(1).  Mr. Lamont could cure his defective invocation of diversity jurisdiction by dropping Time Warner as a defendant.  The TW Defendants would not oppose a motion to amend the Complaint for that limited purpose – indeed they prefer that Mr. Lamont's claims be resolved definitively in this Court at this time.  Nevertheless, undersigned counsel was constrained to bring this matter to this Court's attention as jurisdiction does not exist in this Court over the pending Complaint.

## II.   **PLAINTIFF LACKS STANDING**

The Complaint makes clear that Plaintiff's alleged injury arises in his capacity as a shareholder of Iviewit.  It was Iviewit, not Plaintiff, that allegedly entered into NDAs with Time Warner and/or its subsidiaries, and there is no allegation that Plaintiff was a party to, or otherwise had rights under, these alleged agreements.  *See* Compl. at ¶ 10.  Shareholders lack standing to assert claims arising from breach of a corporation's contracts with third parties.  *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979); *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969) ("fundamental rule that even though a stockholder owns all, or practically all, of the stock in a corporation, such a fact of itself does not authorize him to sue as an individual") (internal citation omitted).

Plaintiff repeatedly represents himself as having a "<u>direct, personal interest</u>" in the claims at hand.  *See* Plaintiff's Reply to TW Defendants' Opposition to Motion for Preliminary Injunction ("Reply") at ¶ 28; Compl. at ¶ 23.  To establish his personal interest, Mr. Lamont refers to a series of "corporate resolutions" dated April 1, 2011 and August 10, 2012 that each allegedly assign to Mr. Lamont all "Confidentiality Agreements, retainer agreements, and contracts" from Iviewit. Reply at ¶¶ 27 & 28.  But "pleadings that . . .  are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.  The Supreme

9

1    Court's reasoning is especially apt here.  When challenged on this same point in

2    the context of Plaintiff's Preliminary Injunction motion, Mr. Lamont produced

3    only one "corporate resolution"—unsigned, unverified and insufficient to

4    transform his bald conclusions into properly pled assertions.  *See* Reply Exhibit B.

5         If the referenced resolutions in fact exist, Mr. Lamont could potentially cure

6    his lack of standing by furnishing verified documents reflecting corporate action

7    making the asserted assignments.  The TW Defendants would not object to the

8    presentation of such documents for the first time in Plaintiff's Opposition to this

9    Motion – indeed they would prefer that Mr. Lamont's claims be resolved

10   definitively in this Court at this time.  Nevertheless, undersigned counsel was

11   constrained to bring this issue to this Court's attention as standing is jurisdictional.

12   *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (standing pertains "to a

13   federal court's subject-matter jurisdiction under Article III").

14

15   **III.    PLAINTIFF'S BREACH OF CONTRACT CLAIM IS LEGALLY**

16   **INSUFFICIENT**

17        Rule 12(b)(6) allows courts to dismiss a claim on the pleadings when the

18   Plaintiff does not state a claim upon which relief may be granted.  FED. R. CIV. P.

19   12(b)(6). Application of this rule is well suited for controversies that are long stale,

20   already twice litigated, and suffer insufficient pleadings: as is the case here.

21        **A.    Plaintiff's Claim is Time Barred**

22        Under California Law, the statute of limitations for breach of written

23   contract claims is four years.  CAL. CIV. PROC. CODE § 337(1).  In "contract

24   actions, the statute of limitations . . . begins to run upon the occurrence of the last

25   element essential to the cause of action. The plaintiff's ignorance of the cause of

26   action . . . does not toll the statute." *Neel v. Magana, Olney, Levy Cathcart &*

27   *Gelfand*, 491 P.2d 421, 428 (Cal. 1971).  The statute beings to run when the claim

28   accrues, CAL. CODE CIV. PROC. § 312 ("Civil actions, without exception, can only

Doc. # CC-273575

be commended . . . after the cause of action shall have accrued"); *see Niles v. Louis H. Raporport & Sons, Inc.*, 128 P.2d 50, 54 (Cal. 1942) ("[t]he statute of limitations . . . commences from the time the cause of action accrues."), i.e., when the contract is breached.  *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 831 (Cal. 1968) ("a cause of action for breach of contract accrues at the time of the breach") (citing *Abbott v. 76 Land & Water Co.*, 161 Cal. 42, 47-49 (Cal. 1911)); *Niles*, 128 P.2d at 54 ("the statute commences as of the date of breach of the obligation").

Plaintiff's contention at Complaint ¶ 30 and Reply ¶ 35 that the "continuing violations doctrine" applies to the case at hand has no basis.  Courts in California do not toll the limitations period under a theory of "continuing violation" for breach of contract claims.  *See Aryeh v. Canon Bus. Solutions, Inc.*, 185 Cal.App.4th 1159, 1169 (Cal.App.2d 2008) ("Only one reported California case [a claim under Rosenthal Fair Debt Collection Practices Act] has extended the continuing violations doctrine outside the employment law context.").  Even where courts have adopted the continuing violations doctrine, they do not excuse knowingly sitting on a claim.  *E.g.*, *Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1, 10 (D.D.C. 2008) ("the continuing violations doctrine will not toll the statute of limitations where plaintiff is aware of the alleged violations"); *Moore v. Chertoff*, 437 F. Supp. 2d 156, 162-63 (D.D.C. 2006) (same).

It is clear that the TW Defendant's alleged breach of the NDAs occurred in the summer of 2001.  Compl. at ¶ 20 (in the summer of 2001 TW Defendants begin "to conduct the unauthorized use of Technologies in direct violation of strategic alliance contracts and NDAs").  Mr. Lamont's claim for breach of contract, therefore accrued and the statute of limitations began to run in the summer of 2001. *See Id.*; *see also* Compl. at Exhibit E (at the very latest, however, the claim accrued on February 27, 2002, when Mr. Lamont first threatened to sue Time Warner on these very claims).  The statute of limitations for a breach of contract claim begins to run after the contract is breached the first time.  The statute of limitations does

11

not, as Plaintiff contends, restart after "every time one viewer watches a WB feature film at a theater" or "download[s] and stream[s a film] over the Internet." *Compare* Reply at ¶¶ 35a & 35b *with Reichert*, 68 Cal.2d at 831 ("a cause of action for breach of contract accrues at the time of the breach") *and Niles*, 128 P.2d at 54 ("the statute commences as of the date of breach of the obligation").  Mr. Lamont's attempt to re-characterize "accrual" of the statute of limitations as a continually restarting mechanism does not reflect the law of California, as has been clear for more than a century.  *See Abbott v. 76 Land & Water Co.*, 161 Cal. 42, 47-49 (Cal. 1911).

Plaintiff waited eleven years to bring suit.[2]  *See* Compl. at ¶ 37 ("Plaintiff has been caused to suffer more than eleven years of unpaid royalties").  By filing the case in 2012, Mr. Lamont was at least six years too late.  Because nothing in the Complaint or otherwise excuses his delay, the statute of limitations bars this claim, and the Complaint should be dismissed according to Federal Rule of Civil Procedure 12(b)(6).

## B.    Plaintiff's Claim is Collaterally Estopped

Claim preclusion precludes piecemeal litigation (by splitting a single cause of action) of the same cause of action on different legal theories or for different relief or against different parties.  *Merry v. Coast Cmty. Coll. Dist.*, 97 Cal.App.3d 214, 221-22 (Cal.App.4th 1979).  "The prior final judgment on the merits settles issues which were not only actually litigated but every issue that might have been raised and litigated in the first action."  *Id.* at 222; *Costantini v. Trans World*

---

[2] Mr. Lamont's contention, at Complaint ¶ 32 that Time Warner "cannot claim undue delay" because Mr. Lamont could not convince the "Iviewit Founder to bring such claims to court" is a non sequitur.  This claim could only be brought within four years of the alleged breach, regardless of the plaintiff bringing the claim.  It does not follow, as Mr. Lamont claims in his Reply brief, that upon receiving "authority to file these claims" the statute of limitations automatically restarts nine years after a breach.  Reply at ¶ 40.  His claim is time barred.

12

*Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("Claim preclusion bars all grounds for recovery which could have been asserted [in the first case], *whether they were or not . . .*") (internal quotations omitted; emphasis in original).  Claim preclusion is applied when (1) the previous adjudication was on the merits, (2) it was final, and (3) the current dispute involves the same "claim" or "cause of action."  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988) (citing *Slater v. Blackwood*, 15 Cal.3d 791, 795 (Cal. 1975)).

Collateral estoppel applies here because the transaction alleged in the complaint was previously raised and litigated before Judge Scheindlin in the Southern District of New York.  *Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008).  Judge Scheindlin decided the previous case on the merits and in a final decision, holding that the statute of limitations barred the alleged RICO claim, because "[t]he alleged theft [of intellectual property] happened well before 2003."  *Bernstein*, 591 F. Supp. 2d at 468.  Plaintiff's claim at bar mirrors the facts and legal allegations of Plaintiff's RICO suit in the Southern District and is therefore collaterally estopped in this action.

It is undisputable that the New York decision was final and on the merits.  *See Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008).  The only remaining issue is whether the current dispute involves the same claim or cause of action as the New York decision.  Claims are considered part of the same transaction or cause of action when they are "related to the same set of facts and [] could conveniently be tried together."  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) (*citing W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992)).  The most important factor when applying the transaction test is to determine whether the two suits arise out of the same transactional nucleus of facts.  *Costantini*, 681 F.2d at 1202.

The allegations in *Complaint I* describe a transaction where hundreds of individuals had a common plan to steal Iviewit's intellectual property.  Exhibit 1 at

13

181, ¶ ix; Exhibit 1 at 181, ¶ xi ("includ[ing], but [] not limited to, the named defendants . . ."). This inclusive group, based on the facts alleged in *Complaint I* included the TW Defendants. Now, in *Complaint III*, Mr. Lamont is suing Time Warner for stealing the same technologies at the same time. Compl. at ¶ 1 ("having devises schemes and artifices to obtain money or property by means of false or fraudulent pretenses, representations or promises in violations of Plaintiff's contractual rights"); Compl. at ¶ 20 ("Beginning in the summer of 2001"). Further, *Complaint I* shows that Time Warner's actions were intrinsically intertwined with the allegations in that case, constituting *the same transactional nucleus of fact* as the current action. *See e.g.*, Exhibit 1 at ¶¶ 364-66, 439, 449, 455, 456, 459, 533.

Comparing the two complaints shows that each arise from the same transactional nucleus of fact. The facts alleged in *Complaint I* are the basis of the allegations in *Complaint III*.

| *Complaint I* | | *Complaint III* | |
|---|---|---|---|
| ¶ 456: | "WB [has] already begun to use the Iviewit Companies processes under NDA . . ." | ¶ 11 | WB "begins to utilize the Technologies according to . . . non-disclosure agreements." |
| ¶ 736A | Co-conspirators sought to: "unfairly compete with other vendors through . . . violations of contracts, including but not limited to, NDA's and other schemes to gain market advantage. . ." | ¶ 20 | "Unauthorized use of Technologies in direct violation of . . . NDAs." |
| | | ¶ 15 | Defendants "continuously apply the Technologies in material breach of NDA". |
| | | Mot. Prelim. Inj. ¶ 24 | Iviewit is losing market share to Time Warner because of Technology use. |

14

| ¶ 732C | Provides links to lists of NDA violators, including Warner Bros.. NDA violation was part and parcel of defendants' RICO enterprise.[3] | ¶ 1 | "violations of confidentiality" |
| | | ¶ 15 | "material breach of NDA" |
| | | ¶ 20 | "direct violation of. . . NDAs" |
| | | ¶ 22 | "direct violation of. . . NDAs" |

By alleging the same facts and legal issues in both *Complaint I* and *Complaint III*, Plaintiff himself proves up that the two claims arise out of the same transactional nucleus of fact. *See W. Sys., Inc.*, 958 F.2d at 871.

When *Complaint I* was filed (May 9, 2008), Mr. Lamont was well aware of any potential role the TW Defendants played in the then alleged RICO case. *See* Compl. at Exhibit E (listing Warner Brother's misappropriation of Technologies in 2002). Plaintiff's choice not to include the TW Defendants as parties to the first case has no bearing on the availability of estoppel here. *Vandenberg v. Superior Court*, 88 Cal.Rptr.2d 366, 374 (Cal. 1999) ("because the estoppel need not be mutual, it is not necessary that earlier and later proceedings involve the identical parties or their privities"); *Bernhard v. Bank of America*, 19 Cal. 2d 807, 812-13 (Cal. 1942) (holding that "defendant is not precluded by lack of privity or mutuality of estoppel from asserting the plea of res judicata against the plaintiff," and bringing California law in line with "[m]any courts [that] have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted") (internal citations omitted). The

---

[3] The list of NDA violators can be found on Iviewit Holding's official website, at http://www.iviewit.tv/CompanyDocs/Appendix%20A/index.htm#NDALIST. The URL address in *Complaint I* differs slightly from the current URL for the "NDA List" on Iviewit Holding's website.

Doc. # CC-273575

decision not to include the TW Defendants in the initial case was merely Mr. Lamont's litigation strategy.  Now, years later, Mr. Lamont finally decided to pursue Time Warner and its Warner Bros. subsidiary for their alleged role in the enterprise that stole Iviewit's Technology.  *See* Compl. at ¶¶ 20, 40.

Mr. Lamont is seeking another opportunity to relitigate the same claim, against a new Defendant, in a new forum, as a different cause of action.  The Southern District of New York's previous dismissal of claims on the merits precludes Mr. Lamont from continuing with this claim, and the court should dismiss the Complaint in its entirety for failure to state a claim.  Fed. R. Civ. P. 12(b)(6); *see Wulfjen v. Dolton*, 24 Cal. 2d 891, 894-95 (Cal. 1944) (the res judicata aspect which bars relitigation of the same cause of action precludes piecemeal litigation by splitting a single cause of action).

### C.    Plaintiff Fails to State a Claim for Breach of Contract

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Telesaurus VCP, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949).  A claim is plausible when the facts asserted would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "A complaint does not suffice if it tenders 'naked assertions' devoid of further factual enhancement." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011) (internal quotations omitted).  The court need not accept legal conclusions as true unless supported by sufficient factual allegations: "mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1950 (conclusion based pleading "does not unlock the doors of discovery").

Plaintiff's reliance on conclusory statements results in a deficient complaint that fails to allege even the basic elements of a breach of contract claim, much less contain factual allegations to support the claim.  *See Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D.Hawaii 2011) (citing *Iqbal*, 129 S. Ct. at 1949 (stating

16

that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do")).  The elements for a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (Cal. 2011) (*citing Reichert*, 68 Cal.2d at 830).  Plaintiff's allegations are deficient in two ways: plaintiff fails to adequately plead the existence of a contract or breach of contract.  *See* Compl. at ¶¶ 1-40.

First, the NDAs referred to in the complaint are long expired and ineffective. *See* Compl. Exhibits A, B, C.  None of the attached agreements ever applied to Technologies used by Time Warner.  Even assuming they were enforceable at some point, the latest any one of them was effective is eight years ago.

| Exhibit | Last date effective | Reason |
|---------|---------------------|--------|
| A | Feb. 26, 2001 | Superseded by Exhibit B ¶ 4. |
| B | Latest: Jan. 15, 2002 | Agreement does not protect information "generally available to the public." ¶ 1.  Iviewit's technologies became part of the public domain. *See* Compl. Exhibit D ("these techniques now, [Jan. 15, 2002] appear in the public domain"). |
| C | Aug. 22, 2004 | Agreement lapsed according to expiration clause. |

Additionally, the Complaint alleges breach of "alliance contracts."  Plaintiff does not present the alliance contracts, indicate the number of agreements, how they came into existence, the basic duties of the parties under the agreements, nor does he provide any indication of how the TW Defendants violated these alleged agreements.  The Complaint does not contain sufficient facts to allow the court to

17

draw any reasonable inference that Time Warner is liable for any breach of these agreements. *See Iqbal*, 129 S. Ct. at 1949.

Second, Plaintiff fails to plead when or how the TW Defendants breached any contract. The Complaint claims that Warner Bros. "beg[an] utilizing the Technologies according to strategic alliance contracts and non-disclosure agreements" on December 21, 2000. Compl. at ¶ 11. Then, Mr. Lamont pleads that Time Warner, "in the summer of 2001 . . . and after the expiration of strategic alliance contracts, beg[an] to conduct the unauthorized use of Technologies in direct violation of strategic alliance contracts and NDAs." Compl. at ¶ 20. Mr. Lamont does not connect the dots between the permissible use of the technology on December 21, 2000 and the unauthorized use of the technology six months later. These conclusory statements do not warrant an assumption of truth, and cannot carry the burden to establish a breach of contract claim. *Iqbal*, 129 S. Ct. at 1949; *Cook v. Brewer*, 637 F.3d 1002, 1008 (9th Cir. 2011) ("reliance on speculative and conclusory allegations is insufficient to state a facially plausible claim"); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (internal citations omitted).

Beyond bald assertions Mr. Lamont provides no substantive evidence to support his claims. The Complaint relies on "factual" detail in an email from Mr. David Colter, a one-time Vice President of Technology and Standards at Warner Bros. Online who was fired because he accepted an economic interest in Iviewit from his "friend" Eliot Bernstein. *See* Compl. at Exhibit D. The "facts" in the email are at best muddled. Mr. Lamont quotes frequently from the email that "Iviewit revealed their processes and techniques, and we now use those techniques in encoding." *Id.* But just as frequently fails to quote the text that immediately

1   follows: "I would not suggest we learned the techniques completely from Iviewit (I
2   actually do not know the answer)." *Id.*

3          Finding a breach of contract here would require the court to draw an
4   unreasonable and far-fetched inference in favor of the plaintiff, an act courts will
5   not do. *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004) (Although a
6   district court must resolve all factual disputes in favor of the plaintiff "the court
7   need not accept inferences drawn by plaintiffs if such inferences are unsupported
8   by the facts set out in the complaint.") (*quoting Kowal v. MCI Commc'ns Corp.*, 16
9   F.3d 1271, 1276 (D.C. Cir. 1994). Plaintiff merely claims that the TW Defendants
10  are "conducting the unauthorized use of Technologies," Compl. at ¶ 20, but
11  provides no information showing that Defendants' use of Technology is not
12  consistent with a lawful explanation, and as such, he does not cross the line from
13  possible to probable. *See Iqbal*, 129 S. Ct. at 1949. Because Plaintiff failed to
14  allege a claim upon which relief may be granted, the court should dismiss this
15  claim under Federal Rule of Civil Procedure 12(b)(6).

16         **D.    Plaintiff Should Not Be Permitted Leave to Amend**

17         "[A] pro se litigant is not excused from knowing the most basic pleading
18  requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104,
19  1107-08 (9th Cir. 2000) (citations omitted). Although the court generally provides
20  a pro se litigant the opportunity to amend a deficient complaint, the court may deny
21  leave to amend where amendment would be futile. *Cook, Perkiss & Liehe, Inc. v.
22  N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (per curiam)). It is
23  in the court's discretion to deny a litigant the chance to replead if "it determines
24  that the pleading could not possibly be cured by the allegation of other facts."
25  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
26  quotation marks omitted). Allowing Plaintiff a chance to replead this case would
27  produce no appreciable result. The evidence to support Plaintiff's case—if there
28  ever was any—is lost, stale or forgotten and the case suffers from complete bars of

untimeliness and estoppel.  There is no possibility that the allegation of other facts could cure this complaint, and as such, the court should deny leave to amend other than to cure the jurisdictional defect cited above.

## **CONCLUSION**

For all the foregoing reasons, Defendants Time Warner and Warner Bros. Entertainment respectfully request that the Court grant its motion to dismiss in full.

Dated:  October 15, 2012                          STEPTOE & JOHNSON LLP


                                                  By:___/s/ Mark A. Neubauer_____
                                                       MARK A. NEUBAUER
                                                  Attorney for Defendants
                                                  TIME WARNER INC. and WARNER
                                                  BROS. ENTERTAINMENT, INC.

20

1

### PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

2

3

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067.

4

5

On **October 15, 2012,** I served the following listed document(s), by method indicated below, on the parties in this action:

6

### DEFENDANTS TIME WARNER INC. AND WARNER BROS. ENTERTAINMENT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

7

8

*SEE ATTACHED SERVICE LIST*

9

10

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

11

12

13

14

15

☐ **BY ELECTRONIC SERVICE via electronic filing service provider LexisNexis**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

16

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note**: Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

17

18

19

20

21

☐ **BY EMAIL**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address _____@steptoe.com at approximately _____. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

22

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on October 15, 2012 at Los Angeles, California.

23

24

25

___Maria Rodriguez_____        _____
Type or Print Name                                      Signature

26

27

28

1

## **SERVICE LIST**

2

3    P. Stephen Lamont, Pro Se                    Plaintiff, *in Propria Persona*
     926 Boston Post Road
4    Rye, New York  10580
     Tel.  914-217-0038
5    Email:  psl.iviewit@gmail.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28