UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION TO DISMISS (filed October 15, 2012)

## I. INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 17, 2012, is vacated, and the matter is hereby taken under submission.

On September 18, 2012, plaintiff P. Stephen Lamont, proceeding pro se, filed suit against defendants Time Warner, Inc. ("Time Warner") and Warner Brothers Entertainment, Inc. ("Warner Brothers"), erroneously named as Warner Bros. Entertainment Group. Dkt. No. 1. Plaintiff principally alleges that defendants appropriated proprietary video streaming technology, in violation of multiple non-disclosure and confidentiality agreements that defendants entered into with non-party Iviewit Holdings, Inc ("Iviewit"). Id.

Plaintiff alleges as follows. Plaintiff is the Chief Executive Officer and "significant shareholder" of Iviewit Holdings, Inc., a Delaware corporation. Compl. ¶ 5. Plaintiff himself is a resident of New York state. Id. ¶ 3. Late in 1998, three inventors—none of whom were plaintiff—"designed" novel technologies for video scaling and image overlay, which are useful for creating and streaming digital video. Id. ¶ 9, 13, 16.

Two years later, Iviewit entered into a series of confidentiality / non-disclosure agreements ("NDAs") with Warner Brothers regarding this technology. The first agreement was entered into on August 14, 2000, signed by David Colter on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

Warner Brothers, and contains a prohibition against the use of Iviewit's proprietary information without Iviewit's written consent. Id. ¶ 10 ("Colter NDA"), Ex. A. Thereafter, Iviewit shared the details of its technologies with Warner Brothers, and Warner Brothers began to utilize these technologies in its multimedia lab in Glendale, California. Id. ¶ 11. However, defendant failed to pay the royalties allegedly owed for the use of U.S. Patent Nos. 09/630,939, 09/522,721, 09/587,734, 09/587,026, and 09/587,730, pursuant to a royalty schedule that plaintiff has set forth in the complaint. Id. ¶ 14.

On February 27 and August 14, 2001, Iviewit entered into two additional NDAs with Warner Brothers regarding the use of Ivewit's proprietary technology. Id. ¶¶ 17–19. On January 14, 2002, Colter sent an email to other Warner Brothers employees (which was then forwarded to an Iviewit employee), where he stated his belief that Warner Brothers used some of Iviewit's techniques for encoding video for internet streaming, although he was unsure to what extent the techniques either came from or were available within the public domain. See id. Ex. D. Thereafter, Warner Brothers and Time Warner have "continuously" used Iviewit's technologies in "direct violation" of the NDAs and "strategic alliance contracts," which had expired by the summer of 2001. Id. ¶¶ 20–22.[1]

On February 27, 2002, plaintiff, on behalf of Iviewit, sent an email to an employee of Warner Brothers, John Calkins, demanding that Warner Brothers cease its purportedly unauthorized use of Iviewit's technology without paying the proper royalties. Id. Ex. E. However, Warner Brothers failed to comply with plaintiff's demands for royalties, and Iviewit failed to press its claim further, due to a "power struggle" between plaintiff and the Iviewit founder. Id. ¶¶ 32–33.

On April 1, 2011, the shareholders of Iviewit resolved that all NDAs and other agreements entered into by Iviewit would be assigned to the capital shareholders of Iviewit Holdings, Inc., including plaintiff. Id. ¶ 23. An assignment and assumption agreement to this effect, pertaining to all the contracts at issue in this litigation, was executed on April 29, 2011. Id. ¶ 24. These assignments were reaffirmed on August 10, 2012, by the Iviewit shareholders. Id. ¶ 25.

---

[1] Plaintiff does not state in his complaint what the terms of the purported "strategic alliance contracts" are, nor attach any such contract to his complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

On August 10 and 13, 2012, plaintiff sent further cease and desist demands by email to the General Counsel of Time Warner, advising him of the purported violations the NDAs. Id. ¶ 34–35; Ex. F. Defendant failed to respond within twenty-one days, and therefore plaintiff initiated the instant lawsuit. Plaintiff brings a single claim for breach of contract. He seeks more than eleven years of unpaid royalties resulting from defendants' allegedly unauthorized use of Iviewit's technologies. Id. ¶¶ 38–40.

This is not plaintiff's first suit regarding the alleged theft of Iviewit technologies. Plaintiff first filed suit against hundreds of defendants in the United States District Court for the Southern District of New York—including various law firms, the Florida and New York state bars, and a host of state court judges—alleging numerous claims for relief under state and federal law related to a vast conspiracy to steal Iviewit's proprietary technologies "valued at over several trillion dollars." Bernstein v. State of New York, 591 F. Supp. 2d 448, 469 (S.D.N.Y. 2008); Defs.' Request for Judicial Notice ("RJN") Ex. 1 ("SDNY Compl." ¶ 3). Judge Scheindlin dismissed every federal claim asserted in that complaint without leave to amend, finding "no reason to believe [plaintiffs] will ever be able" to state a "legally cognizable federal claim." Bernstein, 591 F. Supp. 2d at 470. She declined to exercise supplemental jurisdiction over plaintiff's state law claims, and the Second Circuit affirmed the dismissal of the federal claims on appeal, finding that plaintiffs' appeal lacked "any basis in law or fact." Berstein v. App. Div. 1st Dep't Disciplinary Comm. No. 08-cv-4873, slip op. at 1 (2d Cir. Jan. 5, 2010). Neither Time Warner nor Warner Brothers was a party to the Bernstein litigation, although Warner Brothers was named as one of many recipients of Iviewit technology as part of plaintiff's RICO claim. SDNY Compl. ¶ 732C.

Plaintiff then filed a second suit in the United States District Court for the District of Columbia. Defs.' RJN Ex. 2 ("DDC Compl."). This complaint contained many of the same factual allegations as the SDNY complaint, asserted various claims under state and federal law, and named Time Warner as an additional defendant. In 2012, Judge Rothstein found plaintiff's § 1983 claims barred by the res judicata effect of the previous litigation, both on claim and issue preclusion grounds. Judge Rothstein declined to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Defs.' RJN Ex. 4 (Lamont v. Proskauer Rose, LLP, et al., CV No. 11-0949 (D.D.C. Oct. 8, 2012)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

On October 19, 2012, this Court denied plaintiff's motion for an order enjoining defendants from continuing to use plaintiff's video and imaging technologies without permission. Dkt. No. 24. The Court found that plaintiff had not demonstrated a likelihood of success on the merits nor that irreparable injury was likely to result in the absence of injunctive relief.

On October 15, 2012, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 16. Plaintiff opposed the motion on October 29, 2012. Dkt. No. 30. Defendants filed a reply on November 5, 2012. Dkt. No. 25. On November 29, 2012, having considered the parties' stipulation, this Court ordered defendant Time Warner, Inc. dismissed from this action with prejudice. Dkt. No. 34. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. Although a court must liberally construe the complaint of a pro se plaintiff, a complaint must still allege sufficient facts to state the elements of a claim upon which relief can be granted. See Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663–64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    ANALYSIS

### A.    Subject Matter Jurisdiction

In denying plaintiff's motion for a preliminary injunction, the Court found that it likely lacked subject matter jurisdiction over the instant case. Plaintiff is a citizen of New York, like Time Warner, for that is where Time Warner's officers direct and control the corporation's activities. See Def.'s Request for Judicial Notice ("RJN"), Ex. D (Annual Report Form 10-K for Time Warner, Inc.); Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010) (holding that the "nerve center" test determines a corporation's citizenship). However, because Time Warner is no longer a party to this litigation, the Court finds that it now has subject matter jurisdiction over this action on the basis of complete diversity of citizenship, 28 U.S.C. § 1332; the only remaining defendant is a citizen of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

**B.   Statute of Limitations**

Defendant argues that plaintiff's single breach of contract claim is barred by the statute of limitations. The Court agrees. Both parties acknowledge that actions for breach of a written contract are subject to a four-year statute of limitations under California law. Cal. Civ. P. Code § 337(1). This limitations period begins to accrue "upon the occurrence of the last element essential to the cause of action." Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 187 (Cal. 1971); see Reichert v. General Ins. Co., 68 Cal. 2d 822, 831 (1968) ("a cause of action for breach of contract accrues at the time of the breach"). A claim for breach of contract requires: (1) the existence of a valid contract; (2) plaintiff's performance thereunder; (3) defendant's breach; and (4) resulting damages to the plaintiff. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Plaintiff here complains that defendant first breached the NDAs in the summer of 2001, when defendant began "to conduct the unauthorized use of Technologies in direct violation of strategic alliance contracts and NDAs." Compl. ¶ 20; see also Compl. ¶ 37 ("Plaintiff has been caused to suffer more than eleven years of unpaid royalties. . . "). As such, the statute of limitations on plaintiff's claim for breach of contract began to run in 2001 and expired in 2005, far before plaintiff initiated the instant suit. Even if plaintiff (or Iviewit) did not initially have knowledge of this alleged breach, at the very latest plaintiff's claim for breach of contract accrued in February 2002, when plaintiff first threatened suit for breach of contract against Warner Brothers. See Compl. Ex. E, Letter from Plaintiff to Warner Brothers. Plaintiff's claim is thus time-barred.

Plaintiff's arguments in opposition are without merit. First, plaintiff's assertion that he had no authority to bring this action until 2010, Compl. ¶ 32, is irrelevant—if plaintiff's breach of contract claim belonged to Iviewit until recently and Iviewit failed to bring such a claim, the assignment of the claim to plaintiff in no way reinvigorates what is otherwise a time-barred claim. Second, plaintiff's argument that a "continuing violation" theory saves his claim from a statute of limitations bar is unavailing. See Opp'n at 17–22. Only when there is a continuing wrong with "periodic new injury to the plaintiff" may a "continuing accrual" theory apply, such that more than one breach of the contract may be at issue. See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1388 (2004); see also id. at 1389 (the "context of

Case 2:12-cv-08030-CAS-VBK   Document 39   Filed 12/11/12   Page 7 of 9   Page ID #:953

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

continuing—that is, periodic— accrual for periodic breach is to be distinguished from that of a single breach or other wrong which has continuing impact. . ."). A continuing accrual theory is appropriate in a limited category of cases, including installment contracts, leases with periodic rental payments, and other types of periodic contracts that involve no fixed or total payment amount. Id. at 1388. According to plaintiff, damages from defendants' alleged breach began accruing over eleven years ago and have continued accruing up to and including the present. Plaintiff's theory of breach is precisely the type of "single breach. . . which has continuing impact" that gives rise to but a single claim for breach of contract. Id. at 1389. The only contracts that plaintiff has placed at issue here are non-disclosure agreements, and therefore any breach of contract claim accrued from the time defendants allegedly misappropriated Iviewit's technologies. Accordingly, plaintiff's claim is clearly barred by the statute of limitations.[2]

### C.   Issue Preclusion

The Court finds that plaintiff's claim is also barred by the preclusive effect of the New York federal judgment.[3] A federal court sitting in diversity applies the res judicata law of the state in which it sits, "even where the prior action was in federal court and involved federal questions." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). "California follows the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law." Butcher v. Truck Ins. Exch., 77 Cal. App. 4th 1442, 1452 (2000). Issue preclusion under federal common law bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context

---

[2] Plaintiff's other argument—that his claims that "accrued" starting in September 2008 are still timely—is also without merit. See Opp'n at 21. Once a claim has accrued or begins to accrue, it cannot be parsed into claims that are and are not time–barred. Plaintiff alleges a single claim for breach of contract that began accruing in 2001, when defendant allegedly breached the NDAs at issue. That plaintiff continues to allegedly suffer damages up to and including the present time is irrelevant.

[3] This Court noted previously in denying plaintiff's motion for a preliminary injunction that claim preclusion likely did not bar plaintiff's claim; the Court did not consider the effect of issue preclusion in that order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quotation omitted). To apply issue preclusion, the following elements are required: (1) a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) a final judgment resulted; and (4) the person against who preclusion is asserted was a party to the prior action. In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000). Relevant here is the doctrine of defensive nonmutual issue preclusion, which "involves a defendant attempting to preclude a plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against a different party." State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 713 n. 3 (9th Cir. 2005).

In deciding the merits of plaintiff's RICO claim in the New York action, Judge Scheindlin found that "the injury underlying [plaintiffs'] RICO claims is 'the theft of IP by the enterprise and its agents," which "happened well before 2003." Bernstein, 591 F. Supp. 2d at 468. The "theft" that Judge Scheindlin refers to is the theft allegedly committed by Warner Brothers, among others, in violation of various NDA agreements entered into with Iviewit. This is the same "theft" that plaintiff complains about here, now stylized as a breach of contract claim. Compare S.D.N.Y. Compl. ¶¶ 456 ("WB [has] already begun to use the Iviewit Companies processes under NDA. . ."), 732C with Compl. ¶ 11, 15, 20, 22. Applying the four-year statute of limitations for RICO claims, Judge Scheindlin concluded that the plaintiffs' RICO claim was time-barred. Because the same alleged conduct involving Warner Brothers gives rise to both the RICO claim in the New York action and plaintiff's breach of contract claim in this action, Judge Scheindlin's conclusion precludes plaintiff from relitigating the issue of the timeliness of his breach of contract claim in this action. Bernstein, 591 F. Supp. 2d at 468. Stated otherwise, Judge Scheindlin's finding that the "theft of IP" by Warner Brothers occurred "well before 2003," is not subject to relitigation here, given the previous final judgment on the merits against plaintiff.[4]

---

[4] In addition, the Court notes that there are serious questions as to plaintiff's standing to assert the rights of Iviewit under the various NDAs based on a purported "assignment" of all such rights under the NDAs to plaintiff. Plaintiff himself was not a signatory to the NDAs, and his sole claim of right is based on an unverified corporate resolution. See Opp'n Ex. A. The Court declines to reach this issue, however, given the Court's findings herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 12-8030-CAS (VBKx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss. Given the fact that the statute of limitations has long since expired, it appears that there is no set of facts that plaintiff could allege to state a claim upon which relief could be granted. Accordingly, because the Court finds that leave to amend would be futile, dismissal is WITH PREJUDICE. See Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |