UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8030-CAS (VBKx) | Date | February 5, 2013 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed December 12, 2012) [Dkt. No. 40]

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A TECHNICAL ADDENDUM** (filed January 4, 2013) [Dkt. No. 42]

**PLAINTIFF'S MOTION FOR LEAVE TO ALLOW A PRERECORDED STATEMENT AND AFFIRMATION IN SUPPORT OF MOTION** (filed January 10, 2013) [Dkt. No. 45]

## I.     INTRODUCTION & BACKGROUND

On September 18, 2012, plaintiff P. Stephen Lamont, proceeding pro se, filed suit against defendants Time Warner, Inc. ("Time Warner") and Warner Brothers Entertainment, Inc. ("Warner Brothers"), erroneously named as Warner Bros. Entertainment Group.  Dkt. No. 1.  Plaintiff principally alleges that defendants appropriated proprietary video streaming technology, in violation of multiple non-disclosure and confidentiality agreements ("NDAs") that defendants entered into with non-party Iviewit Holdings, Inc ("Iviewit").  Id.  On November 29, 2012, the Court dismissed defendant Time Warner, Inc., from this action with prejudice pursuant to the parties' stipulation.  Dkt. No. 31.

On December 11, 2012, the Court granted defendant's motion to dismiss with prejudice, as the Court found that there was no set of facts that plaintiff could allege that would support a claim upon which relief could be granted.  Dkt. No. 39.  The Court addressed two of the numerous potential grounds supporting a motion to dismiss in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8030-CAS (VBKx) | Date | February 5, 2013 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

order.  First, the Court concluded that plaintiff's claims were barred by the four-year statute of limitations for claims involving breach of a written contract.  The Court found that because plaintiff's claim for breach of contract accrued in February 2002 at the latest, the statute of limitations had long since expired.  Second, the Court found that because plaintiff complained about the same alleged theft in this case as was at issue in the Bernstein v. State of New York action, 591 F. Supp. 2d 448, 469 (S.D.N.Y. 2008), Judge Scheindlin's finding that the alleged theft at issue occurred "well before 2003" barred the relitigation of this issue here.

On December 12, 2012, plaintiff filed a motion for reconsideration of this Court's order granting defendant's motion to dismiss with prejudice.  Dkt. No. 40.  Plaintiff also filed a motion for leave to file a technical addendum in support of his motion, Dkt. No. 42, as well as a motion for leave: (1) to introduce a prerecorded statement in support of his claims; (2) appear telephonically at any hearing; and (3) "allow an affirmation" by nominor Gregory B. Thagard.  Dkt. No. 45.  Defendant filed oppositions to these motions on January 14 and 15, 2013.  Dkts. No. 43, 44.  Plaintiff filed a consolidated reply on January 22, 2013.  Dkt. No. 48.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8030-CAS (VBKx) | Date | February 5, 2013 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

## III.   ANALYSIS

Plaintiff argues that this Court should reconsider its prior order for the following reasons.  First, plaintiff requests that the Court reconsider its ruling that a "continuing violation" theory does not save plaintiff's claim from a statute of limitations bar.  In particular, plaintiff contends that the Court misconceives the "eleven release windows of the motion picture industry," which amount to periodic instances of new injury.  Second, plaintiff argues that this Court's issue preclusion ruling is incorrect, because, *inter alia*, the Bernstein pleading contained an "unauthorized, frauded signature" of plaintiff.  Relatedly, plaintiff contends that because defendant, in its motion to dismiss, relied on an amended pleading from Bernstein that was allegedly never served, defendant has committed "fraud on the court" that requires this Court to set aside its prior orders.

The Court concludes that plaintiff's motion for reconsideration is without merit.  First, plaintiff improperly seeks reconsideration based upon his disagreement with this Court's legal conclusion regarding the application of the statute of limitations.  See Williams v. UMG Recordings, Inc., 281 F. Supp. 2d 1177, 1186 (C.D. Cal. 2003) (mere disagreement with the Court's prior orders is an insufficient basis to warrant reconsideration).  Plaintiff claims that the Court failed to consider various facts regarding the "economics" of the motion picture industry, but the Court already considered and rejected plaintiff's evidence as irrelevant, based upon the clear import of California law.  See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1388 (2004).  Whatever the economics of the motion picture industry may be, the law is clear that "any breach of contract claim accrued from the time defendants allegedly misappropriated Iviewit's technologies," despite plaintiff's attempt to characterize the NDAs as "installment contracts."  Dkt. No. 39.  As such, plaintiff's motion for reconsideration on this ground is improper and unavailing.

Second, to the extent plaintiff attempts to raise new arguments or present new evidence by way of this motion or his concurrently filed motions for leave, the Court finds that plaintiff has not made the showing required by Local Rule 7-18.  See, e.g.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA            O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8030-CAS (VBKx) | Date | February 5, 2013 |
|---|---|---|---|
| Title | P. STEPHEN LAMONT V. TIME WARNER, INC., ET AL. | | |

School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). Plaintiff fails to demonstrate that any of the evidence that he seeks to present to the Court could not have been presented to the Court before through the exercise of reasonable diligence, or that plaintiff's purportedly new evidence would undermine the basis for this Court's prior ruling. See School Dist. No. 1J, 5 F.3d at 1264. Accordingly, plaintiff's motion for reconsideration on this basis is also without merit.

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for reconsideration. Because plaintiff's proposed new evidence cannot remedy the fundamental deficiency with his breach of contract claim, the Court also DENIES plaintiff's motions for leave to present a prerecorded statement by Ellen DeGeneres and an affirmation by nominor Gregory B. Thagard. The Court DENIES defendant's request to sanction plaintiff or declare him a vexatious litigant.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |